DOLORES TORRES ET AL., Plaintiffs and Appellees, *v.* DR. NELSON PEREA ET AL., Defendants and Appellants.

No. 9282. Argued March 8, 1946.—Decided May 20, 1946.

*Oscar Souffront* for appellants.   *Pedro Santana, Jr.,* Attorney of the Department of Labor, for appellees.

MR. JUSTICE CÓRDOVA delivered the opinion of the court.

The defendants appeal from a judgment ordering them to pay to the four plaintiffs, who worked in defendants' clinic from November 1940 to July 1943 as ironers and seamstresses, the difference between the wages received by them and the minimum rate of six dollars a week fixed by Act

No. 45 of 1919 (Laws of 1919, p. 200), and the compensation corresponding to the ninth hour which, as the lower court held, the plaintiffs worked daily and for which they have not. been paid.[1]

▮▮ The appellants maintain, in the first place, that Act No. 45 of 1919 establishing minimum wages for women, is not applicable to them because their clinic is not one of the "industrial occupations, or commercial or public-service enterprises" mentioned in the Act. The evidence shows that paying patients were admitted in defendants' clinic, among them many whose stay was paid by the State Insurance Fund pursuant to existing contracts. There is no evidence that the clinic was devoted, even partially, to charitable purposes. In *Carrasquillo* v. *Am. Missionary Association,* 61 P.R.R. 837, we held that a hospital which charges for services rendered to its patients is an enterprise, within the purview of § 1803 of the Civil Code, and we stated that it was a commercial enterprise. And in *Hospital San José, Inc.* v. *Minimum Wage Board,* 63 P.R.R. 717, we held that clinics and hospitals that are not strictly charitable institutions fall within the scope of a statute whose purpose is identical to the one under consideration, although its definition of the employees and enterprises covered by it is broader. The appellants themselves in their brief refer to clinics " . . . of a commercial character, like many that have been established in San Juan on a commercial basis, . . . " They do not indicate how their clinic differs from the commercial clinics in San Juan, nor do we have any basis for assuming that in Mayagüez,

---

[1] Although plaintiffs' wages were for eight working hours (the contractual as well as the minimum rate fixed by law), and although the court found that the plaintiffs worked ten hours, it did not allow compensation for the tenth hour. Neither this error, nor others committed by the court in fixing the compensation can be considered, since the plaintiffs have not appealed and the defendants have failed to assign such errors of computation as are prejudicial to them.

where appellants' clinic is established, or elsewhere in the Island, the clinic business is operated in a different manner than in San Juan.

Considering the authorities cited, and the ordinary meaning in Puerto Rico of the word "commercial," as illustrated by the use given to it by the appellants themselves, it would be necessary to adopt a strict interpretation of the words "commercial enterprise," used in Act No. 45 of 1919, in order to reach the conclusion that the Act is not applicable to a clinic such as that of the appellants. But neither in the letter of the statute nor in its purpose do we find any justification for construing it restrictively. See *Irizarry v. Rivera Martínez, Com'r*, 56 P.R.R. 495; *People v. Alvarez*, 28 P.R.R. 882. We conclude, therefore, that the appellants employed the appellees in a commercial enterprise, and that, consequently, they were bound to pay the minimum wage fixed by Act No. 45 of 1919.

■■ The appellants argue that the lower court erred in holding that they did not pay the appellees the minimum wage prescribed by Act No. 45 of 1919. The evidence presents no conflict on that point. The wages of the appellees, who worked at least six days a week, fluctuated between $8 and $11.20 a month. The appellants, in addition, furnished them three meals a day at the clinic. The appellants' complaint is that the court did not consider those meals as part of the compensation. We fail to see how the court could have added the value of the meals to the wages stipulated, since there was an absolute absence of evidence as to the value of the meals. Moreover, Act No. 17 of 1931 (Laws of 1931, p. 194) provides that the wages of laborers shall be paid in money and that any labor contract shall be null and void in so far as it stipulates that all or part of the wages shall be paid otherwise than in money. Construing that Act in connection with Act No. 45 of 1919, which fixes a minimum wage for women, the conclusion seems to us evident that the

meals or other privileges or concessions made to the laborers may not be computed as part of the minimum wage.

The lower court therefore did not err in sustaining that part of appellees' claim which is based on Act No.. 45 of 1919. We now turn to the other pronouncement of the judgment, allowing that part of the claim which rests on Act No. 49 of 1935 (Laws of 1935, Spec. Session, p. 538), that is, on compensation for hours worked in excess of eight a day.

■ Let us consider first the error attributed to the lower court in deciding the conflict in the evidence regarding the hours worked by the appellees. As to the labor contract there was no conflict: it was expressly agreed that the appellees would work eight hours a day. But the appellees testified that they worked ten hours, or ten and one-half hours daily, and the evidence for the appellants tended to show that they worked only eight hours a day. An examination of the transcript of the evidence gives us the impression that the evidence of the appellants is stronger and more trustworthy than that of the appellees. But we have not had the opportunity, which the lower court had, to see and hear the witnesses, a circumstance which in a case such as this might have a decisive influence on the weighing of the evidence. We can not, therefore, state that the lower court erred in resolving the conflict in the evidence in favor of the appellees.

■■ The appellants urge that Act No. 49 of 1935, which regulates working hours, and on which the appellees have based their claim for overtime, is not applicable to their business. Section 1 of the Act provides that: "No person shall be employed or shall be permitted to work in any commercial, industrial, or agricultural establishment or in any lucrative business, more than eight (8) hours during any natural day . . ." As we have already decided, appellants' clinic is, according to the evidence, a commercial enterprise as well as a lucrative business. The appellants argue, however, that the meaning of the words "lucrative business" is

limited by the definition of the phrase "lucrative occupation" set forth in § 4 of Act No. 49 of 1935, which in its pertinent part reads as follows:

"*Lucrative occupation* includes all work or labor in factories, mills, centrales, machine shops, or establishments or places of any kind where there is a machine factory or enterprise, and in warehouses, stores, establishments, or places of any kind where mercantile transactions are carried on; on farms, estates, ranches, or places of any kind where horticultural or grazing enterprises are carried on and in all mining or fishing enterprises, or enterprises of any other kind, whether industrial, commercial, or agricultural."

We do not think that the above-quoted definition limits the scope of the provisions of § 1 of the Act which we have previously copied. After specifying certain industrial, commercial, or agricultural enterprises, and after mentioning those of mining and fishing, there are included enterprises of "any other kind, whether industrial, commercial, or agricultural." There is no basis for applying the maxim "expressio unius," invoked by appellants, since mention is made of the general class of enterprises which includes the clinic of the appellants, to wit, commercial enterprises.

The appellants have referred to an administrative ruling to the effect that clinics are not covered by the provisions of Act No. 49 of 1935, and argue on the basis of that ruling. We are not aware of any such administrative ruling, nor is there any evidence on the point. Assuming that it exists, we therefore have no basis for considering it.

The appellants finally contend that Act No. 73 of 1919 (Laws of 1919, p. 496) prohibits compensation for hours worked in excess of eight hours. This is not so. Act No. 73 simply provides in its § 1, that "no woman shall be employed or allowed to work . . ." more than eight hours daily or forty-eight hours a week. It provides, however, that any woman may be employed up to nine hours, if she receives double pay for the ninth hour, but that in no case shall she be allowed to work for more than forty-eight hours a week.

170

It can not be said that a woman who works more than nine hours a day or forty-eight hours a week, is *in pari delicto* with her employer, since the prohibition and the punishment for its violation, is only applicable to the employer. *Cardona* v. *District Court,* 62 P.R.R. 59. And although the work in excess of nine hours a day, or forty-eight hours a week, is illegal, once the working woman has perfomed that work she is entitled to be paid for it. *Cardona* v. *District Court, supra.*

For the reasons stated the judgment appealed from should be affirmed.

Mr. Chief Justice Travieso did not participate herein.